**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LARRY PARKS | : |
|     Plaintiff | : |
| v | :     Civil Action No. DKC-06-1589 |
| WARDEN | : |
|     Defendant | : |

o0o

**MEMORANDUM**

The above-captioned civil rights action, filed June 20, 2006, seeks monetary damages for the failure of prison officials at Eastern Correctional Institution (ECI) to properly maintain an automatic door. Paper No. 1. Plaintiff alleges that: the pressure of the door was not properly adjusted; complaints regarding the problem were ignored; and on May 5, 2006, his fingers were caught in the door, resulting in an injury to his hand.[1] *Id.* The complaint must be dismissed without prejudice because Plaintiff has not exhausted administrative remedies regarding the incident.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he or she has exhausted available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 542 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having reviewed Plaintiff's complaint, this court concludes that it would be appropriate, in the interest of justice, and promote the speedy resolution of this action for Plaintiff to demonstrate exhaustion of administrative procedures as set forth in DCD 185-001, *et seq*. The court is of the view that in this case the administrative procedures set forth in DCD 185-001, *et seq*., will aid the court in making factual determinations

---

[1] Plaintiff claims all of his fingers were broken and nearly severed from his hand. Paper No. 1 at p. 2.

and that the delay involved will not unduly burden or prejudice Plaintiff's rights.  Upon submission of evidence that administrative remedies have been exhausted, Plaintiff may re-file this cause of action for the court's consideration.[2]

Accordingly, a separate Order shall be entered granting Plaintiff leave to proceed in forma pauperis, but dismissing his cause of action without prejudice to allow him to exhaust administrative remedies properly pursuant to 42 U.S.C. § 1997e.

 6/28/06                                                         _____/s/_____
Date                                                            DEBORAH K. CHASANOW
                                                                     United States District Judge

---

[2] The claim asserted is a personal injury claim based on negligence. A constitutional claim raised pursuant to 42 U.S.C. § 1983 must allege more than mere negligence.  *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).  There is no allegation that Plaintiff was intentionally injured or that the maintenance of the door rises to the level of an intentional act.  Plaintiff is cautioned that if his claim relies solely on an allegation of negligence, it is appropriately filed in state court after exhausting administrative remedies as required by the Maryland State Tort Claims Act.  *See* Md. St. Gov't Code Ann. §12-101 *et seq*.